**Robert MOORE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–133.

United States Court of Veterans Appeals.

Submitted Sept. 19, 1990.

Decided Nov. 14, 1990.

Robert Moore, pro se.

Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington were on the pleadings, for appellee.

Before MANKIN, IVERS and STEINBERG, Associate Judges.

MANKIN, Associate Judge, filed the opinion of the Court, in which IVERS, Associate Judge, joined.

STEINBERG, Associate Judge, concurring in part and dissenting in part, filed a separate opinion.

MANKIN, Associate Judge:

Robert Moore, appellant in case number 90–133 filed with this Court on September 19, 1990, a document styled, "Appellant's Response To Motion For Third Enlargement Of Time." Contained within that submission was a request to this Court to delay a pending physical examination of Mr. Moore by the Veterans' Administration (mischaracterizing the Department of Veterans Affairs) (VA). We treat this request as a Motion for Injunction Pending Appeal under Interim General Rule 8. Having considered the merits of Mr. Moore's motion, we determine injunctive relief is not warranted.

## FACTS

Robert Moore, as a result of multiple fractures, is currently rated 90 percent service-connected disabled. On December 4, 1989, the Board of Veterans' Appeals denied Mr. Moore's request to increase his disability rating to 100 percent. *Robert Moore*, loc. no. 933464 (BVA Dec. 4, 1989). Several months after Mr. Moore filed a timely notice of appeal with this Court, he received a letter from the VA directing him to report for a physical examination "to determine whether your disability has improved." The letter, dated September 10, 1990, warned that failure to report could result in loss of benefits.

## JURISDICTION

Before reviewing the merits of Mr. Moore's claim we must first determine whether this Court has jurisdiction to entertain Mr. Moore's motion. The results of the requested examination, being new evidence, could have no effect on Mr. Moore's pending appeal in this Court. 38 U.S.C. § 4052(b) (1988). Therefore, the threshold question is whether this Court has jurisdiction to issue an injunction unrelated to a pending appeal. In *Erspamer v. Derwinski*, 1 Vet.App. 3 (1990), this Court asserted jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a) (1988), to review a request for extraordinary relief independent of a pending appeal. In *Erspamer*, the veteran's disability claim had been delayed without resolution for over ten years. The widow of Mr. Erspamer sought mandamus to compel action on her deceased husband's claim. In contrast to *Erspamer* where the veteran's right to an adjudication was frustrated, Mr. Moore appears to argue he is being retaliated against for exercising his right of appeal to this Court. If Mr. Moore's unsubstantiated allegations are true, the VA's conduct would, of course, be grossly improper. *Cf. North Carolina v. Pearce*, 395 U.S. 711, 724, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969) ("A court is without right to ... put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered.") (quoting, *Worcester v. Commissioner*, 370 F.2d 713, 718 (1st Cir.1966)); *United States v. Jackson*, 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138 (1968) ("If the provision had no other purpose or effect than to chill the assertion of constitutional rights by penalizing those who choose to exercise them, then it would be patently unconstitutional.")

■ The All Writs Act authorizes all courts established by Act of Congress to issue necessary or appropriate writs "in aid of their respective jurisdictions...." 28 U.S.C. § 1651(a). Mr. Moore's allegations, if true, would establish an effort to restrict the jurisdiction of this Court through intimidation. Therefore, under the All Writs Act, this Court would have jurisdiction to issue an injunction in defense of our jurisdiction.

■ Having determined that this Court has jurisdiction to consider Mr. Moore's motion, we must decide whether injunctive relief is warranted. To be entitled to injunctive relief a movant must show an invasion of a legal right, irreparable injury, and ripeness. *See Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–507, 79 S.Ct. 948, 954–955, 3 L.Ed.2d 988 (1959) ("The basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."); *Heasley v. United States*, 312 F.2d 641, 648 (8th Cir.1963) ("An injunction (cannot) create a right. It merely protects the rights [a party already has] from unlawful or injurious interference.") (quoting *Illi-*

*nois Cent. R.R. Co. v. Illinois Commerce Comm'n,* 387 Ill. 256, 272, 56 N.E.2d 432, 439 (Ill.1944)). We do not believe movant has met these requirements. First, Mr. Moore must show that the VA is violating some right which he possesses. As indicated above, Mr. Moore has a right not to be retaliated against for exercising his right of appeal to this Court. Mr. Moore could show an invasion of that right if he could demonstrate that the requested examination was intended as retaliation. There is, however, no evidence that the planned examination is anything other than a routine reexamination authorized by 38 C.F.R. § 3.327 (1989). Neither has Mr. Moore shown that he will suffer irreparable injury. If the reexamination results in a lowering of his disability rates, the reduction could be appealed to the BVA and ultimately to this Court.

For the reasons set out above the Motion for Injunctive Relief is denied and the Appellee is ordered to file a Designation of Record on Appeal within 30 days.

STEINBERG, Associate Judge, concurring in part and dissenting in part.

I concur in the majority's excellent opinion and analysis. However, as to the disposition, I would hold in abeyance appellant's motion to enjoin the examination of him ordered by the Secretary, temporarily enjoin that examination pending final disposition of the injunction motion, and order the Secretary (1) to show cause why he should be permitted to proceed with the planned examination pending appeal to this Court on the merits and (2) to submit a supplemental memorandum responding to appellant's allegation that the examination is being ordered as retribution against him for exercising his right of appeal to this Court.

Given the fact that VA has already been granted three extensions to enlarge the time period for filing a Designation of Record on Appeal and has apparently "misplaced" appellant's files, appellant has some cause for suspicion here. Against this background, I think that justice would be best served by requiring the Department to go on record in response to his allegations before we dispose of his motion for injunction.