**Daniel L. KAPLAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–611.**

United States Court of Veterans Appeals.

March 10, 1995.

Before KRAMER, IVERS *, and STEINBERG, Judges.

## ORDER

PER CURIAM.

On July 29, 1994, the appellant filed a Notice of Appeal from a June 15, 1994, Board of Veterans' Appeals (Board) decision which denied waiver of recovery of a loan guaranty indebtedness of $4,145.26, plus accrued interest. (In the June 1994 decision, the Board also granted waiver of recovery of a loan guaranty indebtedness of $5,838.12, plus accrued interest.)

On August 15, 1994, the appellant filed a motion to enjoin VA from compounding interest and pursuing debt collection pending a decision on his appeal. On August 22, 1994, the appellant reiterated his request for an injunction. Appended to his pleading was a copy of a VA notice that his debt was being reported to credit reporting agencies as delinquent. On October 3, 1994, the appellant filed another pleading suggesting that VA was in contempt of court. Appended to this pleading was a notice from a debt collection agency that the delinquent loan balance owed to VA had been placed for immediate collection.

On November 29, 1994, in an order by a single judge(*), the Court ordered the Secretary to respond to the appellant's petition within 30 days. In that response, the Secretary was to provide assurances that VA would not pursue further collection of the indebtedness pending a decision on the appellant's appeal. On December 29, 1994, the Secretary filed a response to the Court's order indicating that he had asked "the ap-

propriate finance officers at VA's Debt Management Center to temporarily suspend collection efforts in this case until the Court has issued a final ruling on whether an injunction was necessary." The Secretary attached an unsworn affidavit from Mr. David Sturm, an employee of VA's Debt Management Center in St. Paul, Minnesota, who indicated that he had "directed [his] staff to recall the [appellant's] account from a private collection agency and to suspend further collection to recover $4,145.26, plus accrued interest." Mr. Sturm also stated that he had directed that further mail or debt collection activity be suspended through at least December 22, 1995.

In an order issued on January 5, 1995, the Court held that the portion of the appellant's request seeking to enjoin further debt collection activities by VA or any debt collection agencies was moot. In the January 5, 1995, order, the Court submitted the remaining portion of the appellant's request, seeking to enjoin the continued accrual of interest on the indebtedness during the pendency of this appeal, to a panel of three judges for decision.

On January 17, 1995, the appellant filed correspondence with the Court, which the Court construed as a motion for reconsideration of the Court's January 5, 1995, order. The appellant attached to that motion a copy of a letter, dated January 3, 1995, from the Chief of the Operations Division of VA's Debt Management Center in St. Paul, Minnesota, stating:

> You are delinquent on payment of your Loan Guaranty debt in the amount of $6,289.25. We will report this delinquency to the Credit Alert Interactive Voice Response System (CAIVRS) if payment arrangements are not made within the next 30 days. CAIVRS is a system of records which mortgage lenders must access before processing an application for a Government-backed loan.

On January 23, 1995, the Court, by the single-judge(\*), granted the appellant's motion for reconsideration, vacated that portion of the Court's January 5, 1995, order which had dismissed the appellant's request for injunctive relief against further debt collection

activities as moot based on the Secretary's representations, submitted the appellant's request for injunctive relief against *all* further debt collection activities to the same panel of three judges assigned to consider the request for injunctive relief against the continued accrual of interest, ordered the Secretary to cease and desist from *all* further debt collection activities pending further order of the Court, and ordered the Secretary to respond to the appellant's motion for reconsideration. The Court also ordered the Secretary to include in that response a description of the efforts being undertaken to cease *all* further debt collection activities in compliance with the order.

On February 7, 1995, the Secretary filed his response to the Court's January 23, 1995, order. In that response, the Secretary attached declarations from Mr. Sturm and from Mr. Stewart Liff, the Director of the Los Angeles VA Regional Office. In particular, Mr. Sturm indicated that the debt collection activities that were the subject of the appellant's motion for reconsideration occurred because the entry of a particular computer code (a "dead" diary code) had not prevented the Debt Management Center's computer system from automatically generating a notice to the appellant of the possible referral to the CAIVRS. In their declarations, Mr. Sturm and Mr. Liff outlined additional measures they had each taken to prevent further debt collection activities.

■ The Supreme Court has held that "the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero–Barcelo,* 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982) (citations omitted). In order to be entitled to injunctive relief from this Court, a movant carries the burden of establishing (1) a likelihood of success on the merits of the issue of whether a legal right has been invaded by VA action, (2) irreparable injury, and (3) ripeness. *See* 28 U.S.C. § 1651(a) (All Writs Act); U.S. Vet.App.R. 8; *see also FMC Corp. v. United States,* 3 F.3d 424, 427 (Fed.Cir.1993) (movant bears burden of establishing elements required for grant of injunctive relief); *Glen Raven Mills, Inc. v.*

*Ramada International, Inc.*, 852 F.Supp. 1544, 1547 (M.D.Fla.1994) (movant must clearly carry burden of persuasion on required elements); *Moore v. Derwinski*, 1 Vet.App. 83, 84 (1990) (interpreting criteria for injunctive relief under Interim General Rule 8) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07, 79 S.Ct. 948, 954–55, 3 L.Ed.2d 988 (1959); *Heasley v. United States*, 312 F.2d 641, 648 (8th Cir. 1963)). The decision to grant or deny an injunction is within this Court's sound discretion. *See Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 (10th Cir.1992). For the sake of thoroughness, we will address *each* of the requirements for injunctive relief.

■ Initially, we address that part of the appellant's request seeking injunctive relief against further debt collection activities by the Secretary. Based on the Secretary's assurances in his February 7, 1995, response, that portion of the request for injunctive relief is moot. As described by the Secretary, the failure to cease all further debt collection activities was an inadvertent error caused by the complexity of the computer system at VA's Debt Management Center and does not constitute the type of conduct which would support the imposition of sanctions upon the Secretary. *See Jones v. Derwinski*, 1 Vet.App. 596, 606–08 (1991) (Court "must take care to determine that the conduct at issue actually abused the judicial process.").

■ We now turn to that portion of the appellant's request seeking injunctive relief against the continued accrual of interest on the indebtedness during the pendency of the appeal. In this case, the appellant has not demonstrated that he has a legal right to the cessation of the accrual of interest in the indebtedness at issue in the underlying appeal and has thus not demonstrated, *at this point,* a likelihood of success on the merits. *See also American Cyanamid Co. v. U.S. Surgical Corp.*, 833 F.Supp. 92, 126 (D.Conn. 1992) (findings and conclusions at preliminary injunction phase are not binding at trial on merits). Facially, the Secretary is authorized to assess interest upon indebtedness to the United States. 38 C.F.R. § 1.919(a) (1994); *see also* 38 U.S.C. § 5315(a)(3) (providing for assessment of interest on delinquent repayments of amounts owed to VA under certain loan programs administered by Secretary), (b)(1) (providing for assessment of such interest from day of mailing of initial notification to debtor); *cf.* 38 U.S.C. § 5302(a) (providing for waiver of recovery of indebtedness, *including interest assessed thereupon*). Interest on the indebtedness accrues from the date when the initial notice of indebtedness is mailed to the debtor. 38 C.F.R. § 1.919(d) (1994). Enjoining the accrual of interest would appear actually to *create* a legal right rather than protect an *existing* legal right. *See Heasley*, 312 F.2d at 648. Except for the period between when a debtor seeks a waiver of the recovery of the indebtedness and when the Committee on Waivers and Compromises issues an initial decision, the regulation facially provides for the continued accrual of interest on the indebtedness. *See* 38 C.F.R. § 1.919(f)(2)(i) (1994). Since the appellant has not demonstrated why these facially applicable provisions do not apply to him, he has not shown that a legal right is being invaded.

■ In addition, the appellant will not suffer irreparable injury from the accrual of interest in that the Court will have the opportunity to address, when it considers the underlying appeal on the merits, whether the Board erred in its decision to grant only a partial waiver of indebtedness, to include the interest accrued subsequent to the inception of the indebtedness. *See Foxboro Co. v. Arabian American Oil Co.*, 805 F.2d 34, 36 (1st Cir.1986) (in context of request for preliminary injunction, court found no irreparable injury "where only money [was] at stake and where the plaintiff [had] a satisfactory remedy at law to recover the money at issue"); *People of California v. Tahoe Regional Planning Agency*, 766 F.2d 1316, 1319 (9th Cir.1985) ("Mere financial injury will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation."); *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C.Cir.1985) ("It is also well settled that economic loss does not, in and of itself, constitute irreparable harm."); *Interox America v. PPG Industries, Inc.*, 736 F.2d 194, 202 (5th Cir.1984) ("An injury is

irreparable if it cannot be undone through monetary remedies."). Similarly, the issue is not yet ripe since it will be more efficiently disposed of when the Court addresses the merits of the underlying appeal. Since the appellant's request for an injunction has failed to meet all of the requirements described above, we must deny his request.

Upon consideration of the foregoing, it is

ORDERED that, in light of the Secretary's further assurances, the single-judge order of January 23, 1995, is VACATED with respect to the portions of that order which vacated a portion of the Court's January 5, 1995, order and which ordered the Secretary to cease and desist from all further debt collection activities pending further order of the Court. It is further

ORDERED that the appellant's motion for injunctive relief against all further debt collection activities by the Secretary is DISMISSED as moot. It is further

ORDERED that the appellant's motion for injunctive relief against the accrual of interest during the pendency of this appeal is DENIED. It is further

ORDERED that the parties proceed with this appeal pursuant to the Court's Rules of Practice and Procedure.