Lawrence G. **BENNETT**, Appellant,

v.

Jesse **BROWN**, Secretary of Veterans Affairs, Appellee.

No. 95–168.

United States Court of Veterans Appeals.

July 19, 1995.

Before FARLEY, IVERS, and STEINBERG, Judges.

## ORDER

PER CURIAM.

The appellant is currently appealing the July 6, 1994, Board of Veterans' Appeals (BVA) decision which denied restoration of a 100% disability evaluation for service-connected right lung cancer. On May 15, 1995, the appellant, pursuant to Rule 8 of this Court's Rules of Practice and Procedure, filed a motion for an injunction, alleging that VA had unjustly reduced his lung cancer disability rating while his appeal was pending before the Court.

According to the parties, a January 26, 1995, regional office (RO) rating decision proposed reducing the 60% disability rating then in effect for service-connected right lung cancer to a 0% rating, effective May 1, 1995, on the ground that the appellant had failed to report for VA medical examinations scheduled in August 1994 and in January 1995 to determine the level of disability at that time. On February 6, 1995, the RO apparently sent notification to the appellant of the proposed reduction.

On June 16, 1995, the Secretary filed a response to the appellant's motion for injunctive relief. In that response, the Secretary stated that, according to the RO, "no further records have been generated subsequent to the January 26, 1995[,] rating decision and the February 6, 1995[,] letter to the Appellant regarding the same." The Secretary also stated that the RO represented "that no further action by [the RO] will be taken on the issue of the appropriate disability rating with respect to the Appellant's lung cancer during the pendency of the instant appeal."

Based on the Secretary's representations in his June 16, 1995, response, the Court finds that the Secretary has voluntarily agreed that the RO's apparent proposed rating reduction scheduled to become effective on May 1, 1995, will not take effect during the pendency of the underlying appeal of the July 1994 BVA decision. Consequently, the appellant's motion for an injunction is moot, and the appropriate course of action at this point is to dismiss the motion. *See Kaplan v. Brown*, 7 Vet.App. 425, 428–29 (1995) (per curiam order).

Upon consideration of the foregoing, it is

ORDERED that the appellant's motion for injunctive relief is DISMISSED as moot. It is further

ORDERED that the parties proceed with this appeal pursuant to the Court's Rules of Practice and Procedure.