Thomas W. KEEL, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–1189.

United States Court of Veterans Appeals.

Nov. 29, 1995.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Judges.

## ORDER

PER CURIAM.

On November 9, 1995, the appellant, through counsel, filed an application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On the same date, due to the appellant's death, counsel for the appellant moved to substitute Salina Rice, executrix of the appellant's estate, as the appellant. The appellant's counsel advises that the appellant died on February 3, 1995, but that he did not learn about this until August 1995. On July 24, 1995, this Court, unaware of the appellant's death, vacated the September 17, 1993, Board of Veterans' Appeals decision (Board) and remanded the matter for readjudication. *Keel v. Brown,* 8 Vet.App. 82 (1995).

This Court held in *Landicho v. Brown,* 7 Vet.App. 42 (1994), that substitution is not permissible in this Court where the appellant is a veteran who dies while the denial by the Board of the veteran's claim for disability compensation under chapter 11 of title 38 U.S.C. is pending here on appeal. Under such circumstances, the Court held that the appropriate remedy is to vacate the Board decision from which the appeal was taken (and cause the underlying regional office (RO) decision to be vacated as well, *but see Yoma v. Brown,* 8 Vet.App. 298, (1995) (applying *Landicho* to vacate Board decision but not directing vacatur of underlying RO decision because it was "subsumed" in vacated Board decision)) and to dismiss the appeal. *Landicho,* 7 Vet.App. at 54. This is done to ensure that the Board decision and the underlying RO decision will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlements. *Id.*

On consideration of the foregoing, it is

ORDERED that, within 30 days after the date of this order, counsel for the appellant show cause why the Court's opinion in *Keel, supra,* should not be withdrawn and its judgment recalled under *Landicho, supra,* and the instant EAJA application be thus dismissed. The appellant shall serve a copy of the response on the Secretary. It is further

ORDERED that the Secretary may file a reply within 30 days after service of the appellant's response.