# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-2026

RASHID EL MALIK, APPELLANT,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before GREENE, *Chief Judge*, and HAGEL and DAVIS, *Judge*s.

## O R D E R

On July 22, 2007, pro se appellant Rashid El Malik filed a Notice of Appeal (NOA) from a May 30, 2007, Board of Veterans' Appeals (Board) decision affirming the VA General Counsel's termination of Mr. El Malik's accreditation to represent claimants before VA. The Board found that he had knowingly presented false information on a VA accreditation application (specifically, he indicated that he had never been a defendant in a criminal case), and that he had illegally accepted payment for his representation in VA-benefits cases prior to the Board's first final decision on the claims.

On August 16, 2007, Mr. El Malik filed a motion for suspension of Secretarial action, pursuant to Rule 8 of this Court's Rules of Practice and Procedure ("Suspension of Secretarial Action Pending Disposition of Appeal or Petition"). He asserts that VA violated his due process rights and abused its discretion in terminating his accreditation as an agent. He seeks reinstatement as an agent before VA pending disposition of the appeal.

Rule 8 of the Court's Rules of Practice and Procedure permits a party to seek extraordinary relief to suspend Secretarial action while the Court considers an appeal or petition currently before it. U.S. VET. APP. R. 8. Here, although the VA General Counsel has issued a decision on behalf of the Secretary to terminate Mr. El Malik's accreditation to represent his claimants before the Agency, that termination continues to affect him inasmuch as he is prevented from representing claimants. Therefore, this is a subject-matter that this Court has jurisdiction to review under Rule 8. *Cf. Bates v. Nicholson,* 398 F.3d 1355 (Fed. Cir. 2005) (holding that the Court has jurisdiction over cases involving regulation of representation of veterans before VA).

Before examining the merits of the motion, the Court must first determine the appropriate test to employ. Early in its history, the Court established a test for determining whether injunctive relief was warranted under a prior version of Rule 8 ("Stay or Injunction Pending Appeal"). The Court found that, "[t]o be entitled to injunctive relief, a movant must show an invasion of a legal right, irreparable injury, and ripeness." *Moore v. Derwinski*, 1 Vet.App. 83, 84 (1990) (citing

*Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959); *see also* 28 U.S.C. § 1651(a) (All Writs Act). More recently, in *Ribaudo v. Nicholson*, 21 Vet.App. 137 (2007), the Court examined whether to suspend the effect of its own decision and adopted the four-part test applied by the U.S. Court of Appeals for the Federal Circuit in *Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990). Pursuant to *Ribaudo*, when determining whether a stay is appropriate, the Court considers (1) the likelihood of success on the merits of the moving party's appeal; (2) whether the moving party will suffer irreparable harm in the absence of such relief; (3) the effect on the nonmoving party of that stay; and (4) the public interest. *Ribaudo,* 20 Vet.App. at 560; *see Standard Havens*, 897 F.2d at 512; *see also Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987).

Unlike our concurring colleague, we find that in this instance–and in any instance where an appellant seeks to suspend the application of a decision by the Secretary or the Board pursuant to Rule 8–the relief sought is more accurately deemed a "stay" rather than an "injunction," and therefore, the *Ribaudo* test is appropriate. *Compare* Black's Law Dictionary 1425 (7th ed. 1999) (defining "stay" as a "postponement or halting of a proceeding, judgement, or the like") *with id.* at 787 (defining "injunction" as a "court order commanding or preventing an action"); *compare Ribaudo, supra* (seeking to stay the effect of this Court's precedential opinion) *with Moore*, *supra* (seeking to enjoin VA from requiring the appellant to submit to a physical examination).

Here, the relief Mr. El Malik requests, that the Court stay the application of the VA General Counsel decision to revoke his accreditation, is not warranted. The Court notes that the right to represent claimants "is permissible only" with accreditation from VA, and that such accreditation is subject to good standing with VA. *See* 38 U.S.C. §§ 5901, 5904; *Bates v. Nicholson,* 398 F.3d at 1357; 38 C.F.R. § 14.629 (2007). As the moving party in this matter, Mr. El Malik has the burden of demonstrating that the factors weigh in favor of granting relief under Rule 8. *Id.* Although Mr. El Malik indicates that he has appealed to this Court the Secretary's decision revoking his accreditation, he has not provided any argument that would demonstrate the likelihood of success on the merits of that appeal. *See Ribaudo*, 20 Vet.App. at 560. Moreover, he has not shown that he would suffer irreparable injury if his motion is denied: The matter will be finally decided in his underlying appeal, which is the appropriate channel for pursuing this remedy. *Id.*; *Kaplan*, 7 Vet.App. at 428. Furthermore, staying the effect of the Secretary's decision in this case would limit the Secretary's statutory ability to prescribe and enforce standards for representatives permitted to practice before the Agency as required by 38 U.S.C. §§ 5901, 5904. *See also* 38 C.F.R. § 14.629. Finally, the Court does not discern any reasonable public interest that would be served by granting Mr. El Malik's motion. *See Ribaudo*, 20 Vet.App. at 560. Accordingly, the Court finds that this matter will be sufficiently disposed of when the Court addresses the merits of the underlying appeal. Relief under Rule 8 is not warranted. *See id.*

Upon consideration of the foregoing, it is

ORDERED that the appellant's motion is DENIED.

DATED:     June 27, 2008                                    PER CURIAM.


*Greene*, *Chief Judge*, concurring: I concur in the result but reach it on a different basis. In my view, when deciding whether "Secretarial/agency" action should be suspended pending a decision on appeal before the Court, the Court should apply the test articulated in *Moore v. Derwinski*, 1 Vet.App. 83, 84 (1990) (interpreting requirements for injunctive relief under Rule 8 of the Court's Rules of Practice and Procedure as (1) invasion of a legal right, (2) irreparable harm, and (3) ripeness), and *Kaplan v. Brown*, 7 Vet.App. 425, 428 (1995) (per curiam order) (for injunctive relief movant carries burden of establishing (1) likelihood of success on merits of whether legal right has been invaded by VA action, (2) irreparable harm, and (3) ripeness). Under this test, Mr. El Malik's Rule 8 motion fails.

The majority changes the analysis from the *Moore* and *Kaplan* requirements, which have been followed by the Court for over 17 years, to the factors set forth in *Ribaudo v. Nicholson*, 20 Vet.App. 552 (2007) (*Ribaudo I*) and *Ribaudo v. Nicholson*, 21 Vet.App. 137 (2007) (per curiam order) (*Ribaudo II*). In *Ribaudo I* and *II*, the issue was whether the precedential effect of a decision of the Court should be stayed pending an appeal to the U.S. Court of Appeals for the Federal Circuit or the U.S. Supreme Court. In considering the issue, we borrowed the framework of Rule 8(a) of the Federal Rules of Appellate Procedure and adopted the criteria set forth in *Standard Havens Products, Inc. v. Gencor Industries, Inc*., 897 F.2d 511, 512 (Fed. Cir. 1990) (court will look to the following four criteria generally considered relevant in determining whether to stay the effect of a court decision pending appeal: (1) The likelihood of success on the merits of the moving party's appeal; (2) whether the moving party will suffer irreparable harm in the absence of a stay; (3) the impact on the nonmoving party of that stay; and (4) the public interest). *See Ribaudo I* and *II*, both *supra*. These four factors are merely "considerations" in determining whether under the "totality of the circumstances" a stay of the precedential effect of a case of the Court should be granted pending appeal. *See Ribaudo II*, 21 Vet.App. at 140-41.

The precedent established in *Moore* and *Kaplan* sets forth "requirements" that must be shown to warrant injunctive relief of "agency" action contemplated under Rule 8 of the Court's Rules of Practice and Procedure. To determine whether suspension of "agency" action is warranted under our Rule 8, *Moore* and *Kaplan* require the movant to show "ripeness" and "invasion of a legal right." *Moore*, 1 Vet.App. at 84; *Kaplan*, 7 Vet.App. at 428. However, these factors are not included under the *Ribaudo* analysis. Further, under the *Ribaudo* factors, "public interest" is considered; however, it is not among the *Moore* and *Kaplan* requirements. Therefore, although I concur that the motion to suspend Secretarial action should be denied in this case, I disagree with the majority's holding that the *Ribaudo* factors are to be employed to reach that conclusion and would instead follow the precedent already established in *Moore* and *Kaplan*.

3