GREENE, Chief Judge,
concurring:
I concur in the result but reach it on a different basis. In my view, when deciding whether “Secretarial/agency” action should be suspended pending a decision on appeal before the Court, the Court should apply the test articulated in Moore v. Derwinski, 1 Vet.App. 83, 84 (1990) (interpreting requirements for injunctive relief under Rule 8 of the Court’s Rules of Practice and Procedure as (1) invasion of a legal right, (2) irreparable harm, and (3) ripeness), and Kaplan v. Brown, 7 Vet.App. 425, 428 (1995) (per curiam order) (for injunctive relief movant carries burden of establishing (1) likelihood of success on merits of whether legal right has been invaded by VA action, (2) irreparable harm, and (3) ripeness). Under this test, Mr. El Malik’s Rule 8 motion fails.
The majority changes the analysis from the Moore and Kaplan requirements, which have been followed by the Court for over 17 years, to the factors set forth in Ribaudo v. Nicholson, 20 Vet.App. 552 (2007) (Ribaudo I) and Ribaudo v. Nicholson, 21 Vet.App. 137 (2007) (per curiam order) (Ribaudo II). In Ribaudo I and II, the issue was whether the precedential effect of a decision of the Court should be stayed pending an appeal to the U.S. Court of Appeals for the Federal Circuit or the U.S. Supreme Court. In considering the issue, we borrowed the framework of Rule 8(a) of the Federal Rules of Appellate Procedure and adopted the criteria set forth in Standard Havens Products, Inc. v. Gencor Industries, Inc., 897 F.2d 511, 512 (Fed.Cir.1990) (court will look to the following four criteria generally considered relevant in determining whether to stay the effect of a court decision pending appeal: (1) The likelihood of success on the merits of the moving party’s appeal; (2) whether the moving party will suffer irreparable harm in the absence of a stay; (3) the impact on the nonmoving party of that stay; and (4) the public interest). See Ribaudo I and II, both supra. These four factors are merely “considerations” in determining whether under the “totality of the circumstances” a stay of the prece-dential effect of a case of the Court should be granted pending appeal. See Ribaudo II, 21 Vet.App. at 140-41.
The precedent established in Moore and Kaplan sets forth “requirements” that must be shown to warrant injunctive relief of “agency” action contemplated under Rule 8 of the Court’s Rules of Practice and Procedure. To determine whether suspension of “agency” action is warranted under our Rule 8, Moore and Kaplan require the movant to show “ripeness” and “invasion of a legal right.” Moore, 1 Vet.App. at 84; Kaplan, 7 Vet.App. at 428. *187 However, these factors are not included under the Ribaudo analysis. Further, under the Ribaudo factors, “public interest” is considered; however, it is not among the Moore and Kaplan requirements. Therefore, although I concur that the motion to suspend Secretarial action should be denied in this case, I disagree with the majority’s holding that the Ribaudo factors are to be employed to reach that conclusion and would instead follow the precedent already established in Moore and Kaplan.