# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 06-2762

NICHOLAS RIBAUDO, PETITIONER,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

On Petition for Extraordinary Relief

(Argued December 6, 2006                    Decided    January 9, 2007  )

*Barton F. Stichman*, with whom *Louis J. George*, and *Ronald B. Abrams*, all of Washington, D.C., were on the pleading for the petitioner.

*Brian B. Rippel*, with whom *Paul J. Hutter*, Acting General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Gabrielle L. Clemons*, all of Washington, D.C., were on the pleading for the respondent.

*Barton F. Stichman*, with whom *Louis J. George*, and *Ronald B. Abrams*, all of Washington, D.C., were on the briefs for The American Legion as amicus curiae.

Before GREENE, *Chief Judge,* and KASOLD, HAGEL, MOORMAN, LANCE, DAVIS, and SCHOELEN, *Judges*.

HAGEL, *Judge*, filed the opinion of the Court. KASOLD, *Judge*, filed an opinion, dissenting in part.

HAGEL, *Judge*: On September 28, 2006, Nicholas Ribaudo filed a petition for extraordinary relief in the nature of a writ of mandamus wherein he asserts that the Secretary of Veterans Affairs (Secretary), through the Chairman of the Board of Veterans' Appeals (Board Chairman), "has disobeyed this Court's decision in *Haas v. Nicholson*, 20 Vet.App. 257 (2006)," by issuing Board Chairman's Memorandum 01-06-24 (Sept. 21, 2006), which unilaterally imposes a stay upon all cases affected by the Court's decision in *Haas*. Petition (Pet.) at 1. Although the petitioner argues that Board Chairman's Memorandum 01-06-24 violates *Haas* by unilaterally staying cases affected by *Haas*, as is reflected later in the petition, the petitioner is essentially contending that the unilateral

stay violates this Court's decision in *Ramsey v. Nicholson*, 20 Vet.App. 16 (2006). The Secretary filed an answer to the petition. On November 1, 2006, the petitioner filed a response to the Secretary's answer. Because the head of an executive agency does not have the authority to nullify the legal effect of a judicial decision, and because the Secretary did just that by ordering the issuance of Board Chairman's Memorandum 01-06-24 imposing a stay of indefinite duration without first seeking judicial imprimatur, the petition will be granted.

## I. BACKGROUND/ARGUMENT

According to Mr. Ribaudo, the unilateral stay imposed by the Board Chairman is ultra vires and violates the Court's decision in *Ramsey*, in which the Court held that "any unilateral imposition of a stay by the Board Chairman or Secretary as to the effect of any of this Court's decisions is unlawful." 20 Vet.App. at 39. Mr. Ribaudo requests that the Court grant the petition and (1) order the Secretary to rescind the stay of proceedings imposed by Board Chairman's Memorandum 01-06-24, (2) order the Board to decide *Haas*-like cases forthwith, (3) act on Mr. Ribaudo's motion to advance his case on the Board's docket, and (4) decide his appeal consistent with *Haas*.[1]

The Court in *Ramsey* stated clearly: "We hold now that the Secretary's authority to stay cases at the Board does not include the unilateral authority to stay cases at the Board (or [regional office]) pending an appeal to the [U.S. Court of Appeals for the] Federal Circuit of a decision by this Court." 20 Vet.App. at 37. Based on that holding, the Court went on to state "that any unilateral imposition of a stay by the Board Chairman or Secretary as to the effect of any of this Court's decisions is unlawful." *Id*. at 39. Petitioner argues that Board Chairman's Memorandum 01-06-24 contravenes the holding in *Ramsey*. *See* Pet. at 6-8.

On October 12, 2006, the Court ordered the Secretary to answer the petition. Specifically, the Secretary was ordered to explain (1) why the relief requested in the petition should not be granted and (2) why, given the clear holding in *Ramsey*, the procedure requiring advance judicial sanction mandated therein was not followed when the Board Chairman took unilateral action to stay cases that

---

[1] Mr. Ribaudo's third request–that the Court compel the Secretary to act on his motion to advance his case on the Board's docket–is moot because that motion was denied on October 16, 2006. *See* Secretary's Response to October 16, 2006, Court Order at 15.

2

might be affected by this Court's decision in *Haas*. The Secretary was further ordered to apprise the Court of all other instances in which the Secretary or Board Chairman has issued a stay applicable to a particular class of cases and of the reasons for issuing each such stay.

The Secretary filed his answer on October 25, 2006. Therein, as in *Ramsey*, he relies on *Tobler v. Derwinski*, 2 Vet.App. 8 (1991), for the proposition that the Secretary and Board Chairman possess the authority to stay adjudications before the Agency pending the outcome of an appeal to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). Answer at 3-4. The Secretary goes on to recognize that the Court in *Ramsey* stated "that the Secretary's authority to stay cases at the Board does not include the unilateral authority to stay cases at the Board (or [regional office]) pending an appeal to the Federal Circuit of a decision by this Court." 20 Vet.App. at 37; *see* Answer at 4. He argues, however, that "such a statement was not the Court's holding because it was not necessary to its order denying the writ." Answer at 4. In other words, he argues that the statement in *Ramsey* is dicta, and, as such, is nonbinding and nonprecedential. *Id.* at 4-5.[2]

Next, the Secretary argues that the Board Chairman "possesses certain inherent powers that are necessary to carry out the administrative and managerial functions of the Board and the appeals pending at the Board" and that "[t]hese powers must include the authority to stay pending cases when the efficient management of the docket reasonably requires." *Id.* at 9. He asserts that "the duration of the stay would not be unreasonable, and would essentially be that necessary to pursue an appeal of *Haas*." *Id.* at 10.

---

[2] We find that argument to be unavailing. The central holding in *Ramsey* is clear–"the Secretary's authority to stay cases at the Board does not include the unilateral authority to stay cases at the Board (or [regional office]) pending an appeal to the Federal Circuit of a decision by this Court." 20 Vet.App. at 37. The Court went on to assert that it could not allow "[t]he Secretary's otherwise permissible discretion . . . to eviscerate this Court's authority and the rule of precedent." *Id.* at 38. Although the Court ultimately denied the *Ramsey* petition, in light of the unique posture of that case, we respectfully disagree with our dissenting colleague that the Court's clear and unambiguous holding in that case can be characterized as dicta. The Secretary's argument elevates form over substance. It is clear that the Court denied the *Ramsey* petition simply as a mechanism to afford the Secretary the opportunity to comply with the procedure for obtaining a stay pending appeal, as set forth by the Court in its opinion. More importantly, regardless of whether the Court's statement in *Ramsey* constitutes dicta and regardless of whether the statement in *Tobler* conflicts with the statement in *Ramsey,* this Court, now sitting as a full court panel , is not bound by this Court's prior decisions and is free to write on a clean slate. *See Bethea v. Derwinski,* 2 Vet.App. 252, 254 (1992) (stating that "only the en banc Court may overturn a panel decision"). Thus, to the extent that the Secretary continues to question the binding nature of *Ramsey*, the remainder of this opinion will make the Secretary's obligations clear. Finally, although the petitioner has suggested that the Secretary's actions in failing to abide by *Ramsey* were contemptuous, we recognize that the Secretary's arguments that the central holding in *Ramsey* was dicta were made in good faith.

Finally, in response to the Court's question regarding other instances in which the Secretary or Board Chairman has issued a stay applicable to a particular class of cases, the Secretary lists 12 other instances, between 1992 and 2005, in which the Board Chairman issued memoranda staying the processing of appeals in particular classes of cases. At least three of those universal stays were pending the result of an appeal to the Federal Circuit filed by the Secretary. *See id.* at 16-18. At least one universal stay was issued pending the result of an appeal to the Federal Circuit filed by claimants in two cases. *Id.* at 17.

On November 1, 2006, the petitioner filed a response to the Secretary's answer. He does not address the Secretary's argument that the statement in *Ramsey* is dicta. Instead, he asserts that the Secretary has shown "contempt for the Court" by refusing to comply with *Ramsey*. Response at 4. He further asserts that the Secretary's behavior before this Court contrasts with the "appropriate Secretarial respect for a federal court" demonstrated by the Secretary toward the U.S. District Court for the Northern District of California in *Nehmer v. VA*, No.Civ. 86-6160, where the Secretary moved for a stay of that court's December 1, 2005, order pending an appeal. *Id.* at 6.

We note with appreciation that The American Legion has filed briefs and argued as an amicus in this case.

## II. ANALYSIS

### A. Standard for Granting Extraordinary Relief

This Court has the authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Cox v. West*, 149 F.3d 1360, 1363-64 (Fed. Cir. 1998). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. N. Dist. Cal.*, 426 U.S. 394, 402 (1976). Accordingly, three conditions must be met before this Court may issue a writ: (1) The petitioner must lack adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court must be convinced, given the circumstances, that the issuance of the writ is warranted. *See Cheney v. U.S. Dist. Ct. D.C.*, 542 U.S. 367, 380-81 (2004). When delay is alleged as the basis for a petition, this Court has held that a clear and indisputable right to the writ does not

4

exist unless the petitioner demonstrates that the alleged delay is so extraordinary, given the demands on and resources of the Secretary, that it is equivalent to an arbitrary refusal by the Secretary to act. *See Costanza v. West*, 12 Vet.App. 133, 134 (1999) (per curiam order).

B. Lack of Adequate Alternative Means to Attain the Desired Relief

Here, the action that the petitioner seeks to abrogate was instituted by the Secretary and Board Chairman themselves. As a consequence, an appeal to the Secretary or Board Chairman for relief would be a futile effort. The result of the Secretary and Board Chairman's action is to prevent any appeal falling within the terms of Board Chairman's Memorandum 01-06-24 (of which the petitioner is one) from reaching the Court because it precludes a Board decision from being made. We therefore find that the petitioner lacks adequate alternative means to attain the desired relief in this case.

C. Clear and Indisputable Right to the Writ

We consider today not the question of whether a stay of the application of the decision of this Court in *Haas* is justified, but rather by whose authority and through what procedure such a stay may be imposed. Whether the petitioner has demonstrated a clear and indisputable right to a writ turns on the answer to those important questions.

It is by now axiomatic that a decision of this Court is "binding as of the date the decision is issued." *Tobler*, 2 Vet.App. at 14; *see Allegheny Gen. Hosp. v. NLRB*, 608 F.2d 965, 970 (3rd Cir. 1979) ("Thus, a disagreement by the [National Labor Relations Board (NLRB)] with a decision of this court is simply an academic exercise that possesses no authoritative effect. It is in the court of appeals and not in an administrative agency that Congress has vested the power and authority to enforce orders of the NLRB.").

As a consequence, as of the date of issuance, an opinion of this Court is "to be followed by VA agencies of original jurisdiction, the Board . . . and the Secretary in adjudicating and resolving claims." *Tobler*, 2 Vet.App. at 14. Congress established this Court in order to provide a uniform judicial interpretation of the law regarding veterans benefits. Because this Court is a national court with exclusive jurisdiction over Board decisions, there is no legitimate argument that nonacquiescence by the Secretary is necessary to maintain national uniformity in its administration of veterans benefits. *See* 38 U.S.C. § 7252; *Godfrey v. Derwinski*, 2 Vet.App. 352, 356 (1992)

5

("This Court has 'exclusive jurisdiction to review decisions of the Board of Veterans' Appeals' . . ." (quoting 38 U.S.C. § 7252(a))). The Secretary appears to acknowledge as much, and instead argues that he possesses the inherent authority to manage the Board's docket, authority that includes his refusal to apply a binding decision of this Court while considering whether to appeal and during the pendency of an appeal of that decision. *See* Secretary's Response to October 12, 2006, Court Order at 4 ("This is not an instance of nonacquiescence."); *see also* Answer at 9-10. In support of that argument, he cites cases in which Federal courts have stayed the adjudication of cases in order to manage the litigation before them. Those cases are inapposite for at least three reasons.

First, the Board is part of an executive agency, it is not a federal court. Second, unlike the neutral role played by Federal courts in the resolution of matters before them, the Secretary is both the decisionmaker at the agency level and the appellee in every appeal that comes before the Court. Third, 38 U.S.C. § 7107[3] in a broad sense expresses Congress's intent to place significant limitation on the Secretary's authority to determine the order in which the Board decides cases. Although we need not explore or define the scope of that limitation, the statute does provide that an appeal before the Board be decided "in regular order according to its place on the docket." 38 U.S.C. § 7107(a)(1). Simply put, it demonstrates, at the very least, that the Secretary's discretion in deciding the order in which appeals will be decided is not unfettered. The remainder of section 7107 sets forth four exceptions to Congress's mandate that appeals before the Board be decided in regular docket order, three permitting advancement on the Board's docket and only one permitting postponement. *See* 38 U.S.C. § 7107(a)(2), (3). None of those exceptions expressly permit the Secretary to adjudicate cases in an order other than in regular docket order because he disagrees with a decision of this Court

---

[3] Section 7107 provides in pertinent part:
   (a)(1) Except as provided in paragraphs (2) and (3) and in subsection (f), each case received pursuant to application for review on appeal shall be considered and decided in regular order according to its place upon the docket.
   (2) A case referred to in paragraph (1) may, for cause shown, be advanced on motion for earlier consideration and determination. Any such motion shall set forth succinctly the grounds upon which the motion is based. Such a motion may be granted only –
        (A) if the case involves interpretation of law of general application affecting other claims;
        (B) if the appellant is seriously ill or is under severe financial hardship; or
        (C) for other sufficient cause shown.
   (3) A case referred to in paragraph (1) may be postponed for later consideration and determination if such postponement is necessary to afford the appellant a hearing.

or because he is appealing one of this Court's decisions to the Federal Circuit. *See id.* To the extent that the phrase "in regular order according to its place on the docket" is ambiguous, and to the extent that the Secretary is permitted to interpret that ambiguous phrase by regulation and has done so in 38 C.F.R. § 20.900, that regulation does not authorize the Secretary or Board Chairman to decide cases out of regular docket order because he disagrees with a decision of this Court or pending an appeal of such a decision to the Federal Circuit. *See* 38 C.F.R. § 20.900 (2006).

In addition, the Secretary cites the decision of the U.S. Court of Appeals for the Second Circuit (Second Circuit) in *Ithaca Coll. v. NLRB*, 623 F.2d 224 (2nd Cir. 1980), for the proposition that the Board possesses inherent authority to refuse to apply a decision of this Court in order to manage its docket in the manner in which it has done so here. There, the Second Circuit, before holding that the NLRB "cannot . . . choose to ignore [a court] decision as if it had no force or effect," stated that "it would be reasonable for the Board to stay its proceedings in another case that arguably falls within the precedent of the first one." *Ithaca Coll.*, 623 F.2d at 228. Aside from the fact that we are not bound by decisions of the Second Circuit, there are three other reasons that that court's statement does not govern the situation we now face. First, the Second Circuit's apparent endorsement of unilateral stays by the NLRB was unquestionably dictum in a case that involved the NLRB's refusal to apply binding Second Circuit precedent. *See id.* In other words, what was at issue in that case was the NLRB's refusal to apply a binding court decision–the NLRB had not issued a unilateral stay and the propriety, or lack thereof, of such action was not before the Second Circuit. Second, the Second Circuit's statement must not be taken out of context. The NLRB is charged with the uniform application of the National Labor Relations Act. Its decisions may be reviewed in 12 venues–the 11 numbered U.S. Circuit Courts of Appeal and the U.S. Court of Appeals for the D.C. Circuit. *See* 29 U.S.C. § 160(f).

With respect to matters relating to veterans-benefits claims, however, Congress adopted a very different approach to judicial review. A decision of the Board can only be appealed to a single venue–this Court. *See* 38 U.S.C. § 7252(a). Therefore, concerns regarding uniformity and the propriety of a policy of nonacquiescence[4] as a means of achieving uniformity that may exist in the

---

[4] *See* Samuel Figler, *Executive Agency Nonacquiescence to Judicial Opinions*, 61 GEO. WASH. L. REV. 1664, 1667-68 (June 1993) (noting that the NLRB engages in nonacquiescence in the face of venue choice).

NLRB context do not exist in the veterans'-benefits system. *See Tobler*, 2 Vet.App. at 11-12 ("Congress has made the United States Court of Veterans Appeals the national 'statutory court of review' of decisions on veterans' benefits by the Secretary and the Department of Veterans Affairs."). Third, there is no statute similar to section 7107 that compels the NLRB to decide cases in regular docket order. *See* 29 U.S.C. § 160.[5]

As explained above, it is clear to us that the law fails to provide the Secretary and Board Chairman with the authority to unilaterally stay cases before the Board as they see fit because of a disagreement with a decision of this Court or pending an appeal to the Federal Circuit. Moreover, from the Secretary's October 25, 2006, pleading, it appears that stays similar to the one at issue in this case have been implemented by or at the direction of the Secretary on an ad hoc and arbitrary basis and in a manner that is inconsistent with the very principles that the Secretary cites as supporting his authority to order stays such as Board Chairman's Memorandum 01-06-24. Although the Secretary mentions "conserv[ing] scarce government resources" and "ensur[ing] the consistent treatment of similarly situated claimants" as reasons underlying his authority to stay cases before the Board while an adverse Court decision is appealed or otherwise challenged, his demonstrated actions in staying the processing of appeals before the Board have not always furthered those ends. Answer at 8.

For example, in April 2005, the Board Chairman issued Memorandum 01-05-08, staying consideration of all tinnitus rating cases affected by this Court's decision in *Smith v. Nicholson*, 19 Vet.App. 63 (2005). That stay was lifted in June 2006–shortly after the Federal Circuit reversed this Court's decision and adopted a position with which the Secretary was in agreement thereby permitting the Secretary to deny claims filed by veterans for increased disability compensation–despite the fact that a petition for a writ of certiorari remained (and remains currently) pending before the U.S. Supreme Court. Hundreds of appeals from those recent denials are now pending before this Court. In contrast, in April 1992, the Board Chairman issued Memorandum

---

[5]The only statute governing the NRLB that deals with the order in which it decides cases is 29 U.S.C. § 160(m), which provides as follows:

"Priority of cases. Whenever it is charged that any person has engaged in an unfair labor practice. . . such charge shall be given priority over all other cases except cases of like character in the office where it is filed or to which it is referred and cases given priority under subsection (l)."

01-92-27, staying consideration of all claims for benefits under 38 U.S.C. § 1151 "pending further appellate action" with respect to this Court's decision in *Gardner v. Derwinski*, 1 Vet.App. 584 (1991). *See* Secretary's October 25, 2006, Pleading, Attachment 2. Despite the fact that this Court's decision was subsequently upheld by the Federal Circuit and a unanimous U.S. Supreme Court, the April 1992 stay was not lifted until January 26, 1995, and then only after the Secretary sought and received an opinion from the Department of Justice's Office of Legal Counsel regarding the extent to which the U.S. Supreme Court's opinion authorized benefits. *See e.g.*, Bd. Vet. App. 9512579, *available on* Westlaw. In the end, the dozen or so memoranda staying cases before the Board that have been issued since 1992 reflect no clear standard for determining whether the processing of a class of appeals should be stayed and no consistent approach to staying the processing of such appeals.

If, in the event of a disagreement with a decision of this Court, the need to conserve resources and ensure consistent treatment of similarly situated claimants is what motivates the Secretary and Board Chairman to stay the processing of appeals before the Board, the Court cannot understand why, while an appeal of the Federal Circuit's decision is being pursued in the U.S. Supreme Court, the Secretary would lift the stay he imposed in response to the first *Smith* decision. The answer implied by these facts is that the Secretary's opinion as to a particular legal issue is a superfactor in determining whether to implement a stay and, once a stay is implemented, in determining the duration of such a stay. There is simply no other logical way to explain the fact that the stay in *Gardner* was left in place even after the Federal Circuit and U.S. Supreme Court had ruled against the Secretary given that the stay in *Smith* was lifted despite the pending petition in the U.S. Supreme Court.

In any event, the effect of the Secretary's action in compelling the Board Chairman to issue Memorandum 01-06-24 is abundantly clear–so long as he does not want to, the Secretary believes that he is empowered to *never* apply this Court's decision in *Haas*. It is telling that Board Chairman's Memorandum 01-06-24 fails to even acknowledge the existence of this Court's decision in *Ramsey*. Further, the Secretary *might* choose to apply a Federal Circuit or U.S. Supreme Court decision in *Haas*, but that too is unclear, particularly in light of the Secretary's conduct in *Gardner*. Indeed, at oral argument, counsel for the Secretary was reluctant to identify any particular event that would

trigger the revocation of Board Chairman's Memorandum 01-06-24. Simply put, the delay at issue in this case is of indefinite duration–a duration that conceivably includes efforts by the Secretary to legislatively reverse an unfavorable result in the U.S. Supreme Court. This we cannot accept.

The circumstances present in this case are unlike those in cases where the Court has denied petitions based on delayed action by the Secretary. In *Costanza*, *supra*, the Court held that, for delay to constitute a clear and indisputable right to a writ, it must be "so extraordinary, given the demands and resources of the Secretary, that the delay amounts to an arbitrary refusal to act, and not the product of a burdened system." 12 Vet.App. at 134. In this case, the Secretary chose to delay a decision on the petitioner's claim because he disagrees with the decision in *Haas*. The delay in this case is not the product of a burdened system; rather, it is based on a choice by the Secretary to delay the adjudication of the petitioner's claim.

## D. Court's Discretion to Issue Writ

The unilateral issuance of Board Chairman's Memorandum 01-06-24 at the Secretary's direction without prior judicial review of the criteria for properly taking such action flouts the rule of law, and the petitioner is without adequate alternative means to challenge this action. The clear central holding in the Court's March 31, 2006, decision in *Ramsey*–that the Secretary lacks the authority to unilaterally stay the processing of appeals before the Board because of the effect of one of this Court's decisions–stands as the binding precedent of this Court. Under such circumstances and in the exercise of our discretion, the writ is granted. We now turn to address the process by which the Secretary can seek to stay the processing of a class of appeals before the Board because of a disagreement with a decision of this Court or pending an appeal to the Federal Circuit.

## E. Process for Seeking a Stay Pending Appeal

Although section 7107 governs how appeals before the Board are processed and when an appeal before the Board can be advanced or postponed, the enactment of that statute predates the creation of this Court and does not provide a means for addressing the situation now at hand. *See Ramsey*, 20 Vet.App. at 46 (noting that the predecessor to section 7107 "existed 55 years before this Court and judicial review were established"). We recognize, however, that in some instances delaying the effect of one of our decisions may make practical sense. And there is already in place in the Federal judiciary a system for considering whether such action is warranted in a given case.

10

*See* FED. R. CIV. P. 62; FED. R. APP. P. 8(a). We see no reason to treat this situation any differently than do other Federal courts. To that end, we will adopt the principle that underlies Rule 8(a) of the Federal Rules of Appellate Procedure and the adaptation of that rule by Federal Circuit Rule 8(a), namely "that the immediately subordinate tribunal has jurisdiction to act on a motion for a stay" even in a case where a Notice of Appeal has been filed seeking review in the Federal Circuit. *See In Re Bailey*, 11 Vet.App. 349 (1998) (Nebeker, J., dissenting). Although Rule 8(a) of the Federal Circuit's Rules speaks in terms of a "trial Court," and we do not presume to interpret the Federal Circuit's Rules for it, we see no reason not to follow the universally accepted Federal practice that a motion for a stay or injunction pending appeal first be sought in the subordinate court. *See also* FED. R. APP. P. 8 (providing that a party "must ordinarily move first in the district court" for "a stay of the judgment or order of a district court pending appeal"). Thus, if the Secretary or Board Chairman wishes to stay the effect of *Haas*, the Secretary must file with this Court, or the Federal Circuit, a motion to stay the effect of this Court's decision in that case.

Whether such a motion is granted is entirely within this Court's discretion, and, in exercising that discretion, this Court will look to the following four criteria generally considered relevant in determining whether to stay the effect of a court decision pending appeal: (1) The likelihood of success on the merits of the moving party's appeal; (2) whether the moving party will suffer irreparable harm in the absence of a stay; (3) the impact on the non-moving party of that stay; and (4) the public interest. *See Ramsey*, 20 Vet.App. at 39 (citing *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990)). To be clear, the Court's grant of a stay of the effect of one of its decisions could include directing or authorizing the Secretary and Board Chairman to stay cases at the Board and at the agencies of original jurisdiction. *See Nat'l Org. of Veterans Advocates v. Sec'y of Veterans Affairs*, 260 F.3d 1365, 1380 (Fed. Cir. 2001) (directing VA "to stay all proceedings involving claims for [dependency and indemnity compensation] benefits under [38 U.S.C. §] 1318, whose outcome is dependent on the regulation in question, pending the conclusion of an expedited rulemaking").

### F. Summary

In sum, although the Secretary characterizes the issuance of Board Chairman's Memorandum 01-06-24 as a proper exercise of his "inherent authority" to manage the docket before him, he

11

possesses no authority, inherent or otherwise, to stay, arbitrarily and unilaterally, the processing of appeals merely because he disagrees with a decision of this Court in a proceeding to which he is a party. *See infra* at 5-7. To hold otherwise would be to allow an executive agency to nullify the effect of a judicial decision. *See INS v. Chadha*, 462 U.S. 919, 951 (1983) ("The Constitution sought to divide the delegated powers of the new Federal Government into three defined categories, [l]egislative, [e]xecutive, and [j]udicial, to assure, as nearly as possible, that each branch of government would confine itself to its assigned responsibility."); *Marbury v. Madison*, 1 Cranch 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."). This we will not permit.

We therefore conclude that the petitioner has satisfied all three conditions for the issuance of an extraordinary writ. Because the appeals process before VA is halted as long as the Secretary's directive and Board Chairman's Memorandum 01-06-24 continue in effect, and direct appeal to the Secretary or Chairman would likely be futile, the petitioner lacks adequate alternative means to attain the desired relief. *See Cheney*, 542 U.S. at 380. Further, because the law does not give the Secretary and Board Chairman the authority to unilaterally stay cases before the Board because they disagree with a decision of this Court or pending an appeal to the Federal Circuit, the petitioner has also demonstrated a clear and indisputable right to extraordinary relief. *Id.* at 381. Finally, as discussed above, we are convinced that the issuance of a writ is warranted under these circumstances. *Id.*

Accordingly, the petition is granted. Board Chairman's Memorandum 01-06-24 is unlawful and we order that memorandum rescinded. *See* 38 U.S.C. § 7261(a)(3) (providing that the Court may set aside "decisions, findings, conclusions, rules, and regulations" of the Board or the Secretary "found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"). The Secretary will proceed to process the appeals that were stayed in accordance with that unlawful memorandum "in regular order according to [their] place on the docket" and will apply this Court's decision in *Haas* to those appeals. 38 U.S.C. § 7107(a)(1). Of course, the Secretary is not precluded from filing a motion to stay the effect of this Court's decision in *Haas*–an option that has been available to him since August 16, 2006, the date on which the Court issued that decision.

### III. CONCLUSION

On consideration of the foregoing, the Court concludes that the petitioner has demonstrated a clear and indisputable right to a writ. The petition is therefore GRANTED to the following extent:

Board Chairman's Memorandum 01-06-24 is ordered rescinded.

The Secretary will decide Mr. Ribaudo's appeal "in regular order according to its place upon the docket," and will apply this Court's decision in *Haas*. 38 U.S.C. § 7107.

KASOLD, *Judge*, dissenting in part: I fully concur in the analysis and conclusion of the Court that 38 U.S.C. § 7107(a) prohibits, except in limited circumstances, the staying of cases on appeal to the Board, by either the Secretary or the Board Chairman, absent properly promulgated regulations – regulations that are not extant at this time.[6] I also note that the section 7107(a) requirement to process cases on appeal to the Board in regular order, without advancing or postponing cases except in limited circumstances, is only one reflection of congressional intent that cases at the Board be timely processed. Indeed, there are numerous statutory provisions echoing this intent.

For example, section 7101(a) mandates that the Board be composed of "such number of members" as necessary to dispose of cases "in a timely manner." 38 U.S.C. § 7101(a). Section 5109B requires expeditious processing of cases on remand from the Board, and section 7112 requires expeditious processing of cases on remand from the Court. *See* 38 U.S.C. §§ 5109B, 7112. Thus, with regard to cases at the Board, Congress has repeatedly tipped the balance toward timely processing.

I must, however, disagree with the majority's opinion that the Secretary was legally required to adhere to the self-described holding in *Ramsey v. Nicholson*, 20 Vet.App. 16, 38 (2006), that he lacked the authority to stay cases at the RO and the Board. *See ante* p. 3 note 2. Although I obviously agree with the statement in *Ramsey* that the Secretary does not have authority to stay cases

---

[6] Although the Secretary has the authority to issue regulations, that authority is not open-ended and must be consistent with law, as well as necessary and appropriate to carry out the laws. *See* 38 U.S.C. § 501; *see also Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984); *Terry v. Principi*, 340 F.3d 1378, 1383 (Fed. Cir. 2003). Whether or not regulations authorizing the Board or the Secretary to stay cases pending an appeal of a decision by this Court or pending legislation, or for other reasons, would be deemed necessary, appropriate, and consistent with law is an issue not now before us.

at the Board pending an appeal of one of our decisions,[7] the fact remains that the decision in *Ramsey* denied the petition for extraordinary relief based upon a determination that the Court lacked the authority to stay the effect of the Court's decision in *Smith v. Nicholson*, 19 Vet.App. 63, *rev'd*, 451 F.3d 1344 (Fed. Cir. 2006), *petition for cert. filed*, 75 U.S.L.W. 3122 (U.S. Sept. 26, 2006) (No. 06-400), because that case was then on appeal to the Federal Circuit. The discussion in *Ramsey* about the authority of the Secretary to stay the processing of cases at the RO or the Board was therefore neither essential to nor a basis for the Court's disposition. Accordingly, it was dicta and not binding. *See* BLACK'S LAW DICTIONARY 465 (7th ed. 1999) (defining "judicial dicta" as "opinion by a court on a question that is directly involved, briefed, and argued by counsel, and even passed on by the court, but that is not essential to the decision"); *see also Henry v. Indep. Am. Sav. Ass'n*, 857 F.2d 995, 1006 (5th Cir. 1988) (Higginbotham, J., concurring) (attempt by Court to establish a procedure unnecessary to the ultimate outcome of the case is pure dicta).[8] It is axiomatic that, until the Court renders a binding holding on an otherwise unresolved point of law, the Secretary cannot be deemed nonresponsive or disrespectful to the Court with regard to that point, and the Court properly rejects the petitioner's request that we sanction the Secretary.

Although the Secretary is responsible for the "control, direction, and management" of the department, 38 U.S.C. § 303, such management must be consistent with the law and interpretations of the law as issued by the judicial system, *see* 38 U.S.C. § 7262; *Butts v. Brown*, 5 Vet. App. 532, 539 (1993) (en banc) (Court determines questions of law de novo); *Tobler v. Derwinski*, 2 Vet.App. at 11 (decision of Court binding until and unless overturned). Our en banc decision today is clear:

---

[7] Although I agree that the Secretary does not have the authority to stay cases at the Board, as the Court holds today, I note that section 7107(a), which is the basis for the Court's decision today, has no application to cases that have not yet been appealed to the Board. *See* 38 U.S.C. § 7107(a) (part of chapter 71, entitled "Board of Veterans' Appeals"). Moreover, whether the Secretary has the authority to stay cases not yet at the Board is not now before us and not part of the Court's decision today.

[8] Although the Secretary correctly notes that the *Ramsey* statement regarding his authority to stay cases is in conflict with a contrary statement in an earlier panel decision, *see Tobler v. Derwinski*, 2 Vet.App. 8, 12 (1991) (during the interim between the Court's decision and taking appeal, and while the appeal is pending, "it would be reasonable for the Board to stay its proceedings in another case that arguably falls within the precedent of the first one" (quoting *Ithaca Coll. v. NLRB*, 623 F.2d 224, 228 (2d Cir. 1980)), and that *Ramsey* therefore was not binding pursuant to *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992) (subsequent panel may not render decision materially in conflict with earlier panel decision), he fails to recognize that the *Tobler* statement upon which he relies was itself dicta and not binding.

The Secretary currently does not have the authority to stay the processing of claims at the Board pending an appeal of a decision of the Court. To the extent *Tobler* indicates otherwise, it is overruled. *See Tobler*, 2 Vet.App. at 14 (Court sitting en banc or a superior tribunal may overrule a prior panel decision). Our decision today may be appealed, but in the absence of a stay as to its effect, it will be the law unless and until overturned. *See Suozzi v. Brown*, 10 Vet.App. 307, 311 (1997) ("VA is bound to follow the controlling precedential decisions of this Court . . . ."); *Tobler*, 2 Vet.App. at 14.