Nicholas **RIBAUDO, Petitioner,**

v.

**R. James NICHOLSON, Secretary of Veterans Affairs, Respondent.**

No. 06–2762.

United States Court of Appeals for Veterans Claims.

Jan. 26, 2007.

Before GREENE, Chief Judge, and KASOLD, HAGEL, MOORMAN, LANCE, DAVIS, and SCHOELEN, Judges.

**ORDER**

PER CURIAM:

The Court granted Mr. Ribaudo's petition for extraordinary relief in an opinion issued on January 9, 2007. Therein, the

Court held (1) that Board of Veterans' Appeals (Board) Chairman's Memorandum 01–06–24 is unlawful and is ordered rescinded and (2) that "[t]he Secretary will proceed to process the appeals that were stayed in accordance with that unlawful memorandum 'in regular order according to [their] place on the docket' and will apply this Court's decision in *Haas [v. Nicholson*, 20 Vet.App. 257 (2006)] to those appeals." *Ribaudo v. Nicholson*, 20 Vet. App. 552, 561 (2007) (en banc). The Court also outlined a procedure by which the Secretary could file a motion to stay the effect of *Haas*.

On January 16, 2007, the Secretary filed a motion to (1) stay the precedential effect of *Haas*, (2) stay the adjudication of cases potentially affected by ... *Haas*, (3) rule expeditiously on the motion to stay, and (4) delay entering judgment in *Ribaudo* until the motion to stay has been ruled upon. Since the issuance of *Ribaudo*, motions have also been filed by Mr. Ribaudo.

Pending a decision on the matters before us, the Court will order a stay that is limited to the second holding in *Ribaudo*-that is, the Court's holding that "[t]he Secretary will proceed to process the appeals that were stayed in accordance with that unlawful memorandum 'in regular order according to [their] place on the docket' and will apply this Court's decision in *Haas* to those appeals." *Ribaudo*, 20 Vet. App. at 561. The first holding in *Ribaudo* is not affected in any manner by this order.

The Court notes that the Secretary has advised the Court that Mr. Ribaudo is opposed to the Secretary's motion to stay and plans to file a written opposition. Although the period in which Mr. Ribaudo may file such an opposition has not yet expired, the Court, in its discretion, has authority to issue this stay pending its decision on the matters before it, and this action should not be construed in any way as a ruling on the merits of the motion. *See* U.S. VET.APP. R. 2 ("[T]he Court, on its own initiative ..., may suspend any provision of these rules and order proceedings as it directs, consistent with applicable law and precedent."). In addition, because the Court intends to resolve the matters before it promptly, it will require that any further pleadings and supporting documentation filed in this case be done so in an expedited manner, as is provided below. *See id.*

On consideration of the foregoing, it is

ORDERED that the adjudication of cases before the Board and VA regional offices that are potentially affected by *Haas* is stayed until further order of the Court. It is further

ORDERED that any additional pleadings and supporting documentation that the parties seek to file in this case be filed not later than 7 days after the date of this order. Responses to such pleadings are due not later than 7 days after the date on which service of such pleadings is made on the other party. Filing and service of such pleadings and all responsive pleadings with respect to pleadings now pending before the Court in this case must be accomplished by fax or personal delivery of the documents to be filed with the Court and served upon the parties. The 10–page limit for filings accomplished via fax is suspended with respect to the pleadings referred to in this paragraph.