HAGEL, Judge,
concurring:
I concur in the majority’s decision in part because the majority makes it clear that its decision to entertain in Mr. Ribau-do’s case a motion that stays the effect of our judgment in another case is limited to this one instance. The proper procedure would have been for the Secretary to have filed an appropriate motion in Haas, and I would have required the Secretary to follow that procedure. Indeed, the Secretary’s confusion[3] regarding the proper procedure for seeking a stay in cases that would apply Haas is mystifying in light of this Court’s clear statement in Ribaudo, that we “adopt the principle that underlies Rule 8(a) of the Federal Rules of Appellate Procedure and the adaptation of that rule by Federal Circuit Rule 8(a), namely ‘that the immediately subordinate tribunal has jurisdiction to act on a motion for a stay’ even in a case where a Notice of Appeal has been filed seeking review in the Federal Circuit.” Ribaudo v. Nicholson, 20 Vet.App. 552, 560 (2007) (en banc). I do not interpret Rule 8(a) — and have found no authority that does — as allowing a party to file a motion to stay the effect of a judgment in any case other than the one whose judgment is sought to be stayed. Here, the case contemplated by Rule 8(a) of the Federal Rules of Appellate Procedure and the Federal Circuit’s Rules is clearly Haas. If the Secretary truly believed that this Court did not have jurisdiction to issue a stay in Haas, then the proper course of action would have been for him to have filed in the Federal Circuit his motion to stay the effect of our judgment in that case and its application to other cases. Rule 8(a) clearly provides that avenue. See Fed. R.App. P. 8(a)(2) (providing that, if sufficient reasons are given, a motion to stay the judgment or order of a district court may be made in the court of appeals). Nevertheless, I accept the Court’s decision to employ a one-time exception to the general rule in order to decide expeditiously a matter of great importance.
Turning to the merits of the motion to stay, I believe that this decision is a difficult one. And, although my dissenting colleagues raise compelling points, three factors in particular lead me to concur in the majority’s decision to grant the motion. The first is the nature of the question presented in Haas — it is a case of first impression affecting, in a uniform manner, the adjudication of claims and potential claims of a large class of veterans. Further, the Court’s decision in Haas is purely an exercise in statutory construction and *148 the application of principles of administrative law. Although as a member of the Haas panel I have every confidence that the opinion is correct, I recognize that the Court’s resolution of this question of first impression is based on our resolution of pure questions of law about which our reviewing court — the Federal Circuit — has substantial expertise and which it must review de novo — with no deference to our reasoning and conclusions.
Second, given the prompt attention paid by the Federal Circuit to its docket, the adverse impact of the stay on the affected claimants will be for a relatively brief period of time.
Finally, I am persuaded to join in the majority’s decision primarily because the majority has wisely left open an avenue for compelling cases to be advanced on the docket of the Board, thus alleviating the possibility of an unduly harsh impact on claimants who are under severe hardship. This important exception to the broad stay sought by the Secretary addresses the concerns raised by Mr. Ribaudo regarding the detrimental impact that a stay would have on individual claimants with compelling circumstances. The stay granted by the Court is narrowly tailored so as not to harm that special class of claimants.

. See Secretary’s January 16, 2007, Motion to Stay at n. 1 ("[I]n an abundance of caution, to avoid a dismissal for lack of jurisdiction, the Secretary respectfully requests that the Court use the instant case ... as the proper vehicle for staying the precedential effect of Haas.").