*Designated for electronic publication only*

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 06-2762

NICHOLAS RIBAUDO,                                        PETITIONER,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS,                           RESPONDENT.

Before GREENE, *Chief Judge,* and KASOLD, HAGEL, MOORMAN,
LANCE, DAVIS, and SCHOELEN, *Judges.*

## O R D E R

On April 13, 2007, a full Court panel issued an order in *Ribaudo v. Nicholson* staying the adjudication before the Board of Veterans' Appeals (Board) and VA regional offices of cases that are potentially affected by this Court's decision in *Haas v. Nicholson*, 20 Vet.App. 257 (2006), until such time as the United States Court of Appeals for the Federal Circuit (Federal Circuit) issued mandate in the then-pending appeal of this Court's decision in *Haas*. 21 Vet.App. 137, 146-47 (2007). On May 8, 2008, the Federal Circuit issued its decision in *Haas*, reversing this Court's decision. *Haas v. Peake*, 525 F.3d 1168 (Fed. Cir. 2008). The Federal Circuit issued its mandate in *Haas* on October 16, 2008.

On October 16, 2008, Nicholas Ribaudo filed through counsel a motion for leave to file a motion styled as "Petitioner's Motion to Modify the Court's Order of April 13, 2007[,] to Continue the Stay of the Adjudication of Cases That Are Potentially Affected by *Haas*." On that same date, the Court received Mr. Ribaudo's motion to modify the Court's April 13, 2007, order. In his motion for leave, Mr. Ribaudo notes that "the current stay of the adjudication of cases at the Board and VA regional offices that are potentially affected [by] *Haas* . . . expires today, October 16, 2008." Motion for Leave at 2. He seeks leave to file a motion that requests that the Court modify its April 13, 2007, order in *Ribaudo* to state that the stay will expire either when the United States Supreme Court denies the petition for a writ of certiorari in *Haas*–filed on October 17, 2008–or decides *Haas* on the merits.[1]

On October 30, 2008, the Secretary submitted a response in opposition to Mr. Ribaudo's motion to modify the Court's April 13, 2007, order. The Secretary objects to Mr. Ribaudo's motion "to the extent that it seeks a further stay from this Court in *Ribaudo*, because *Ribaudo* is no longer a pending case."

---

[1] Mr. Ribaudo and the appellant in *Haas* have the same attorneys. Motion to Modify at 2.

Secretary's Response at 3. Therefore, the Secretary asserts, Mr. Ribaudo is actually seeking a new stay of the effect of the Court's decision in *Haas*, and that, per the Court's direction in *Ribaudo*, any new stay would have to be sought in *Haas*, rather than in Mr. Ribaudo's case. *Id.*; *see Ribaudo*, 21 Vet.App. at 139. The Secretary also argues that, because the Federal Circuit has acted in *Haas*, it is the effect of *that* decision that Mr. Ribaudo seeks to stay and, as such, he should file his motion with the Federal Circuit. Secretary's Response at 3-4. However, the Secretary also states that the reasons underlying the Court's April 13, 2007, stay order in *Ribaudo* remain "largely intact" and "suggests" that the Court modify that order in essentially the same way Mr. Ribaudo requests. Secretary's Response at 4, 6.

The Court notes that the relief sought by Mr. Ribaudo (and suggested by the Secretary) is relief in a case that has been closed for more than one year. Mandate issued in *Ribaudo* on May 17, 2007, and absent the recall of our mandate and judgment in that matter, the Court cannot revisit the ruling of April 13, 2007. Indeed, Mr. Ribaudo has not argued that exceptional circumstances exist to justify recall of the mandate. *See McNaron v. Brown*, 10 Vet.App. 61, 63 (1997) (noting that discretion to set aside judgment "may be exercised only for good cause or to prevent injustice, and only when 'unusual circumstances exist sufficient to justify modification or recall of a prior judgment'" and that the recall of a mandate should be done "'only upon a showing of exceptional circumstances'").

Moreover, because the relief Mr. Ribaudo seeks is, in essence, a new stay (the styling of his motion as one to "continue" the existing stay notwithstanding), he must use the appropriate avenue for seeking a stay. *See Ribaudo*, 21 Vet.App. at 139 ("[W]e . . . stress that [our resolution of the Secretary's motion to stay the effect of *Haas* under the auspices of *Ribaudo*] is a one-time exception to our newly adopted procedure requiring that a motion to stay the precedential effect of a particular case be filed in that case."). As instructed by the Court in *Ribaudo*, "a party seeking to stay the effect of one of our decisions must file a motion to stay in the case the effect of which the party wishes to stay." *Id.* Accordingly, the Court will deny Mr. Ribaudo's motion for leave to file the motion to modify the Court's April 13, 2007, order.

The Court notes that the result the parties seek in this matter is essentially identical–a stay of the effect of *Haas* pending the outcome of the petition for a writ of certiorari now pending before the Supreme Court. The Court also acknowledges that, in an earlier decision granting a petition for a writ of mandamus in this matter, the Court stated that "'the immediately subordinate tribunal has jurisdiction to act on a motion for a stay' even in a case where a Notice of Appeal has been filed seeking review in the Federal Circuit." *Ribaudo v. Nicholson*, 20 Vet.App. 552, 560 (2007). Here, however, there has been more than simply a Notice of Appeal filed with the Federal Circuit; that court has issued its decision in *Haas*, and because the Federal Circuit is our reviewing tribunal, this Court has no authority to issue a stay of a decision of the Federal Circuit. More simply put, our order in *Ribaudo* merely stayed the implementation of our *Haas* decision as long as that decision was the controlling statement of the law. Because the Federal Circuit has reversed our decision in *Haas* and issued mandate remanding the matter to this Court for implementation of its decision, we–and the Secretary–have no choice but to follow that order.

Further, the Federal Circuit has procedures in place to address matters such as this one. *See* FED. R. APP. P. 41; FED. CIR. R. 41.[2] Moreover, the Federal Circuit has demonstrated its authority to act to stay proceedings before the Board and VA regional offices despite the language of 38 U.S.C § 7107. *See Nat'l Org. of Veterans' Advocates v. Sec'y of Veterans Affairs*, 260 F.3d 1365, 1380 (Fed. Cir.2001) (directing VA "to stay all proceedings involving claims for [dependency and indemnity compensation] benefits under [38 U.S.C. §] 1318, whose outcome is dependent on the regulation in question, pending the conclusion of an expedited rulemaking"). Consequently, the relief that Mr. Ribaudo seeks (and that the Secretary suggests) may only be granted by the Federal Circuit.

On consideration of the foregoing, it is

ORDERED that Mr. Ribaudo's motion for leave to file the motion to modify the Court's April 13, 2007, order is denied.

DATED: November 17, 2008                                    PER CURIAM.

Copies to:

Louis J. George, Esq.

VA General Counsel (027)

---

[2] The Court is aware that this rule appears to contemplate the filing of a motion to stay mandate prior to its issuance. As we said in *Ribaudo*, however, we do not presume to interpret the Federal Circuit's rules of procedure. *Ribaudo*, 20 Vet.App. at 560. The issue of the proper timing of the filing of any such motion, should one be filed, will be determined by the Federal Circuit.