# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 18-4980

ELAINE R. HANSEN, PETITIONER,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before BARTLEY, GREENBERG, and MEREDITH, *Judges.*

## O R D E R

On September 11, 2018, the petitioner filed a petition, through counsel, for extraordinary relief in the nature of a writ of mandamus to compel the Secretary to implement a May 30, 2017, VA rating decision granting the petitioner substitution for her veteran-husband and awarding accrued benefits in the form of special monthly compensation (SMC) based on housebound status and to process the award of benefits. Petition at 13. The petition stated that, though the May 2017 rating decision was initially published in the veteran's eFolder on the Veterans Benefits Management System (VBMS), that decision had since been removed from the eFolder. *Id.* at 3-7. The petition also stated that a Statement of the Case (SOC) had been issued on August 8, 2018, denying SMC. *Id.* at 7.

On June 5, 2019, the petitioner amended her petition, asking the Court to compel the Secretary to (1) implement the May 30, 2017, VA rating decision; (2) process the award of accrued benefits; (3) withdraw the August 8, 2018, SOC; (4) "maintain and ensure the integrity of [the veteran's] eFolder on VBMS as well as every other claimant's eFolder on VBMS"; (5) replace the May 30, 2017, rating decision in the veteran's eFolder; (6) cease removing documents from the veteran's eFolder; and (7) provide the Court with documentation of all actions taken by the Secretary with respect to documents in the veteran's eFolder. Amended Petition at 9-10. The petitioner added that the August 8, 2018, SOC had been removed from the eFolder. *Id.* at 4.

The Secretary responded to the amended petition on August 1, 2019. *See* Secretary's Response to Amended Petition. He argued that the May 2017 rating decision was never finalized or issued, making its exclusion from the "record in the proceeding" irrelevant to the Board's review of the SMC denial. *Id.* at 27-28. The Secretary concluded that the "removal of the decision[ did] not deprive [the p]etitioner of her ability to pursue an administrative appeal of the denial of [the veteran's] claim and thus does not deprive her of adequate alternative means to seek her desired relief." *Id.* at 28. The Secretary attached an appendix that included the May 2017 rating decision. *Id.*, Appendix at 14-21.

On August 27, 2019, the petitioner notified the Court that, earlier that month, the Board had remanded the matter of the petitioner's entitlement to SMC based on housebound status. *See Solze* Notice at 1. The Board requested the agency of original jurisdiction to obtain the May 2017

rating decision, conduct any additional necessary development, and then readjudicate the matter. *Id*. at 6-7.

The Court may issue extraordinary writs in aid of its prospective jurisdiction pursuant to the All Writs Act. 28 U.S.C. § 1651(a); *see also Bates v. Nicholson*, 398 F.3d 1355, 1359 (Fed. Cir. 2005). A writ of mandamus may be issued only where the petitioner lacks adequate alternative means to attain the desired relief, the petitioner demonstrates a clear and indisputable right to the writ, and the Court is convinced that a writ is warranted under the circumstances. *See Ribaudo v. Nicholson*, 20 Vet.App. 552, 555 (2007) (citing *Cheney v. U.S. Dist. Ct. D.C.*, 542 U.S. 367, 380-81 (2004)).

The Court concludes that the petitioner has not shown that she lacks adequate alternative means to attain her desired relief of obtaining an award of accrued benefits for SMC or appealing whether the May 2017 rating decision constituted a final decision. The Board has remanded the matter to obtain this rating decision, perform any necessary development, and readjudicate the SMC matter. The petitioner may appeal any subsequent adjudications, including whether the May 2017 decision constituted a final rating decision. *See DiCarlo v. Nicholson*, 20 Vet.App. 52, 56-57 (2006). The petitioner has thus not shown that she lacks an adequate alternative means to obtain her desired relief.

Upon consideration of the foregoing, it is

ORDERED that the petition is DENIED.

DATED: October 8, 2019                                      PER CURIAM.