# United States Court of Appeals for the Federal Circuit

---

**HOWARD E. CHANDLER,**
*Claimant-Appellee,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellant.*

---

2011-7030

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-932, Judge Alan G. Lance, Sr.

---

Decided: April 11, 2012

---

PAIGE M. WILLAN, Chadbourne & Parke, LLP, of New York, New York, argued for claimant-appellee. With her on the brief was THOMAS E. RILEY. Of counsel on the brief was MARGARET C. BARTLEY, National Veterans Legal Services, of Washington, DC.

SCOTT D. AUSTIN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellant. With him on the brief were TONY WEST,

Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN E. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and Y. KEN LEE, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, MOORE, *Circuit Judge* and AIKEN, *District Judge*.*

Opinion for the court filed by *Chief Judge* RADER. *District Judge* AIKEN concurs in the result.

RADER, *Chief Judge*.

The Secretary of Veterans Affairs ("Secretary") appeals the decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") finding Howard Chandler entitled to a special monthly pension under 38 U.S.C. § 1521(e) (2001) in view of the Veterans Court's interpretation of 38 U.S.C. § 1513(a) (2006) in *Hartness v. Nicholson*, 20 Vet. App. 216 (2006). *Chandler v. Shinseki*, 24 Vet. App. 23 (2010). Because this court overrules the Veterans Court's decision in *Hartness*, this court reverses and remands for further proceedings.

I.

Howard Chandler ("Chandler") is a U.S. Navy veteran who served on active duty during the Korean Conflict and receives pension benefits for non-service connected disabilities that render him permanently and totally disabled. In 1992, at the age of fifty-seven, Chandler began receiving pension benefits under 38 U.S.C. § 1521(a) for

---

* The Honorable Ann L. Aiken, Chief Judge, United States District Court for the District of Oregon, sitting by designation.

non-service connected disabilities. Chandler has a combined disability rating of 80% based on the following ratable disabilities: prostate cancer (60%), osteoarthritis of the right and left knees (10%), glaucoma/cataracts (10%), hypertension (10%), hyperthyroidism (10%), and major depressive disorder (10%). These disabilities prevent him from maintaining employment, and thus render him "permanently and totally disabled." *See* 38 U.S.C. § 1502(a)(3) ("Unemployable as a result of disability reasonably certain to continue throughout the life of the person."). He received a pension at the rate prescribed by 38 U.S.C. § 1521(b).

In 2006, at seventy-one years old, Chandler applied to a Regional Office ("RO") of the Department of Veterans Affairs ("VA") for an enhanced pension under the special monthly rate prescribed by 38 U.S.C. § 1521(e). In his request, Chandler sought consideration for housebound status under section 1521(e) because he was older than 65 years of age and had a disability rating of more than 60%. Chandler explicitly relied on the Veterans Court's decision in *Hartness* to support his claim. The RO determined that Chandler did not meet the requirements for the special monthly pension and denied the claim. The RO distinguished *Hartness* on the basis that Chandler was originally granted a pension based on disability, not age.

Chandler filed an appeal with the Board of Veterans' Appeals ("the Board"), which was denied because he had received a pension under section 1521 before turning sixty-five. In that case, he could not rely on section 1513(a) to remove the pension eligibility requirement of section 1521(e).

Chandler appealed the Board's decision to the Veterans Court. Initially, the Veterans Court heard oral arguments before a three-member panel, but *sua sponte*

issued an en banc decision. The Veterans Court addressed Chandler's eligibility to receive "a single pension at the higher rate described in section 1521(e) rather than the lower, basic rate." *Chandler v. Shinseki*, 24 Vet. App. 23, 28 (2010). The Veterans Court specifically reconsidered its recent decision in *Hartness*. The Veterans Court highlighted three reasons to retain *Hartness*: (i) it was "rightly decided in the first instance," (ii) it did not affect the ambiguity between sections 1513 and 1521, and (iii) it deserved application of principles of stare decisis. *Id.* at 28-29. The Veterans Court also determined that the purpose of section 1513(b) was to prevent a veteran from collecting two pensions, i.e., pensions under both sections 1513 and 1521, "but it does not prevent a veteran from receiving a higher pension under section 1513 simply because he would be eligible only for a basic pension under section 1521." *Id.* at 30. Accordingly, the Veterans Court reversed and remanded the Board's decision.

The Secretary filed a timely appeal. This court has jurisdiction under 38 U.S.C. § 7292 (2010).

## II.

This court has jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision . . . on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making the decision." *Gaston v. Shinseki*, 605 F.3d 979, 982 (Fed. Cir. 2010) (citing 38 U.S.C. § 7292(a); *Forshey v. Principi*, 284 F.3d 1335, 1359 (Fed. Cir. 2002) (en banc), *superseded on other grounds by* Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820, 2832).

This court sets aside any decision of the Veterans Court that is found to be "(A) arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2010). This court reviews statutory interpretations of the Veterans Court without deference. *See, e.g.*, *Boggs v. Peake*, 520 F.3d 1330, 1333 (Fed. Cir. 2008). However, absent a constitutional issue, this court may not review a factual determination or an application of law to the facts. 38 U.S.C. § 7292(d)(2) (2010).

At the outset, this court detects no waiver of a challenge to *Hartness* in this case. This court has the authority to correct a statutory interpretation of the Veterans Court when it was "relied on" to decide a case—even when it was not contested below. *See Forshey*, 284 F.3d at 1350. Because *Hartness* was an underlying premise for the decision below, this court may address this issue of statutory interpretation.

The Veterans Court in *Hartness v. Nicholson*, 20 Vet. App. 216 (2006), addressed the interplay between 38 U.S.C. §§ 1513 and 1521. In *Hartness*, the Board rejected Hartness' application for special monthly pension benefits because he did not have a single disability rated as permanent and total under §1521(e) and 38 C.F.R. § 3.351(d). On appeal, the Veterans Court found that the Board erred in not applying § 1513(a), noting that "generally, where a veterans benefit statute is ambiguous, 'interpretive doubt is to be resolved in the veteran's favor.'" *Hartness*, 20 Vet. App. at 220 (citing *Gardner v. Brown*, 513 U.S. 115, 118 (1994)). The Veterans Court determined that, by the plain language of § 1513(a), "the requirement under section 1521 that a veteran be permanently and totally disabled or have a disability rated as permanent and total is excluded" for a veteran who is at least 65 years old and

meets the service requirements of § 1521. *Id.* The Veterans Court also held "that application of § 1513(a) results in the exclusion of the permanent-and-total-disability requirement in §§ 1521(a) and (e) when considering whether a veteran 65 years of age or older is entitled to non-service-connected disability pension." *Id.* at 221.

The Veterans Court stated that its application of § 1513(a) to reconstruct the requirements of § 1521 was "consistent with Congress' intent to provide a pension to veterans aged 65 years of age or older regardless of disability." *Id.* at 222. In a footnote, the Veterans Court acknowledged that the permanent and total disability requirements of subsections (a) and (e) of section 1521 were defined differently, but declined to explore the implications of conflating their meanings. *Id.* at 221 n.2.

## III.

The present appeal hinges on the proper construction of 38 U.S.C. §§ 1513 and 1521 and the interplay between those statutory sections. Section 1521 provides a pension for wartime veterans with non-service-connected disabilities who meet certain requirements. Under the statute, however, a veteran only qualifies if "permanently and totally disabled:"

> The Secretary shall pay to each veteran of a period of war who meets the service requirements of this section . . . and who is *permanently and totally disabled* from non-service connected disability not the result of the veteran's willful misconduct, pension at the rate prescribed by this section . . . .

38 U.S.C. § 1521(a) (2001) (emphasis added). Section 1502 is titled "[d]eterminations with respect to disability" and sets the requirements for such disability.

For the purposes of this chapter, a person shall be considered to be *permanently and totally disabled* if such person is any of the following:

(1) A patient in a nursing home for long-term care because of disability.

(2) Disabled, as determined by the Commissioner of Social Security for purposes of any benefits administered by the Commissioner.

(3) Unemployable as a result of disability reasonably certain to continue throughout the life of the person.

(4) Suffering from--

(A) any disability which is sufficient to render it impossible for the average person to follow a substantially gainful occupation, but only if it is reasonably certain that such disability will continue throughout the life of the person; or

(B) any disease or disorder determined by the Secretary to be of such a nature or extent as to justify a determination that persons suffering therefrom are permanently and totally disabled.

38 U.S.C. § 1502(a) (emphasis added).

The subsections of 1521 prescribe different pension rates based on a veteran's circumstances. Two pension rates of section 1521 are relevant to the present appeal:

(b) If the veteran is unmarried . . . and there is no child of the veteran in the custody of the veteran or to whose support the veteran is reasonably contributing, and unless the veteran is entitled to pension at the rate provided by subsection (d)(1) or (e) of this section, pension shall be paid to the

veteran at the annual rate of $3,550, reduced by the amount of the veteran's annual income.

\* \* \*

(e) If the veteran has *a disability rated as permanent and total* and (1) has additional disability or disabilities independently ratable as 60 per centum or more, or (2) by reason of a disability or disabilities, is permanently housebound but does not qualify for pension at the aid and attendance rate provided by subsection (d) of this section, the annual rate of pension payable to the veteran under subsection (b) of this section shall be $4,340 . . . .

38 U.S.C. § 1521(b), (e) (2001) (emphasis added). Section 1521(b) provides a basic pension rate for wartime veterans and section 1521(e) provides severely disabled wartime veterans a special monthly pension under a special monthly rate. Section 1521(e)'s requirement of "a disability rated as permanent and total" is defined by 38 C.F.R. § 3.351(d) as "a single permanent disability rated 100 percent disabling." In contrast, being "permanently and totally disabled" under section 1521(a)'s eligibility requirements, is defined as satisfying any one of four criteria found in 38 U.S.C. § 1502(a), as recited above.

Section 1513 was promulgated after section 1521 and provides wartime veterans who are sixty-five years of age or older with section 1521 pension benefits. Section 1513 states, in pertinent part:

(a) The Secretary shall pay to each veteran of a period of war who is 65 years of age or older and who meets the service requirements of section 1521 of this title . . . pension at the rates prescribed by section 1521 of this title and under the

conditions (*other than the permanent and total disability requirement*) applicable to pension paid under that section.

(b) If a veteran is eligible for pension under both this section and section 1521 of this title, pension shall be paid to the veteran *only under* section 1521 of this title.

(Emphasis added).  Of particular importance, subsections (a) and (e) of section 1521 include the phrases "permanently and totally disabled" and "disability rated as permanent and total," respectively, but, section 1513 includes only the phrase "permanent and total disability" without expressly stating which requirement of section 1521 it excludes.

At the outset, this court emphasizes the importance of the statutory language.  *See, e.g.*, *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68 (1982); *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1328 (Fed. Cir. 2005).  In this case, the language of section 1513(a) carries great weight, but even more important is its context in relation to section 1521.  The parenthetical exclusion within section 1513(a) (i.e., "other than the permanent and total disability requirement") closely parallels the language of section 1521(a), which requires a veteran to be "permanently and totally disabled."  Section 1521(a)'s "permanently and totally disabled" requirement serves as a threshold qualification to receive various pension rates under that section.  Moreover, it applies to all the subsections of section 1521.  This "permanently and totally disabled" requirement receives a broad definition in a list of flexible criteria set forth in section 1502(a).  The parenthetical exclusion, however, and section 1521(a)'s "permanently and totally disabled" requirement are not identical.

The parenthetical exclusion is also not identical to section 1521(e), which requires that a veteran have "a disability rated as permanent *and* total" to qualify for the special monthly pension rate. "[D]isability rated as permanent and total" is defined by 38 C.F.R. § 3.351(d) as "a single permanent disability rated 100 percent disabling." Section 1521(e) represents a separate requirement beyond those of section 1521(a).

This court does not read section 1513(a) to waive the requirements of both § 1521 subsections. The context and features of the statutory language suggest that the parenthetical in § 1513(a) does not waive the two completely different requirements of § 1521. Specifically, the parenthetical exclusion in § 1513(a) uses the definite article "the," which indicates that the exclusion refers to a single § 1521 requirement. *See Warner-Lambert Corp. v. Apotex Corp.*, 316 F.3d 1348, 1356 (Fed. Cir. 2003). Also, while not dispositive by itself, when taken in context with the statute as a whole, the use of the singular term "requirement" in the parenthetical exclusion indicates that the Act only contemplates excluding one of the section 1521 requirements.

Section 1521 contains two different permanent and total disability requirements that have two different meanings. Section 1513 was enacted after 38 C.F.R. § 3.351, which made clear the two different requirements of § 1521. Moreover, section 1521(e) states its requirement in different terms, indicating that the subsection (e) requirement is separate from the "permanently and totally disabled" requirement in subsection (a). These distinctions in contextual placement and language prevent this court from conflating the two definitions in one. This court also declines to render one of the phrases meaningless. *See TRW Inc. v. Andrew*, 534 U.S. 19, 31 (2001) (stating that no clause should be superfluous);

*Bailey v. United States*, 516 U.S. 137, 146 (1995) ("We assume that Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning."). In direct terms, the statute dictates that a permanently and totally disabled veteran for one purpose may not have a disability rated as permanent and total for another purpose. *See Chandler*, 24 Vet. App. at 34 (Kasold, C.J., dissenting).

This court concludes § 1513(a) only eliminates the permanent and total disability requirement in § 1521(a), which applies to all § 1521 subsections. The language of section 1521 is structured so that subsection (a) is a threshold requirement and the other subsections recite additional requirements for a veteran to qualify for different pension rates. As such, § 1521's language and structure, when viewed in light of the statute's purpose and meaning, suggest that the parenthetical exclusion in section 1513(a) refers only to the threshold requirement found in section 1521(a) for pension benefits under § 1521 and not to the additional requirements imposed by § 1521(e).

Based on the statutory language and structure, this court therefore rejects and overrules the Veterans Court's *Hartness* opinion. Otherwise, *Hartness* introduces the possibility of the absurd result indentified by the Veterans Court wherein similarly situated veterans are treated differently under the pension provisions depending on when they first started receiving a pension. 24 Vet. App. at 24. Veterans applying for special monthly pension benefits under section 1521(e) should be on equal footing regardless of when they apply for a pension, i.e., whether the veteran applies before or after turning sixty-five years old. Thus, section 1513(b) shows that *Hartness* was incorrectly decided. This court's statutory construction

and rejection of *Hartness* avoids this potential for absurd results.

IV.

In sum, this court overturns the Veterans Court's decision in *Hartness*. Further, the plain language of sections 1513 and 1521 indicates that the parenthetical exclusion of section 1513(a) applies to only the threshold "permanently and totally disabled" requirement found in section 1521(a). Accordingly, this court reverses and remands.

**REVERSE AND REMAND**